IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CAMPBELL INVESTMENTS, LLC; KEVIN CAMPBELL; and KODY CAMPBELL,<br><br>Plaintiffs,<br><br>v.<br><br>DICKEY'S BARBECUE RESTAURANTS, INC.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:17-cv-832-DB<br><br>District Judge Dee Benson |

Before the court is Defendant's Motion to Compel Arbitration and Stay Proceedings. (Dkt. No. 18.) The court held a hearing on the motion on February 14, 2018. At the hearing, Plaintiffs were represented by Greggory Savage and Richard Madsen. Defendants were represented by Aaron Van Nostrand and Monica Call. At the conclusion of the hearing, the court took the motion under advisement. Now being fully informed, the court issues this Memorandum Decision and Order.

Factual Background

In the spring of 2014, Plaintiffs began to explore the possibility of acquiring a Dickey's Barbecue Pit Franchise. (Compl. at ¶ 5.) In April 2014, Plaintiffs communicated with Ryan Reeves, Director of Franchise Sales for Defendant, and obtained a franchise application. (*Id.* at ¶¶ 6-7.) Plaintiffs also spoke with John Thomas, an owner of Dickey's Franchises and development agent for Defendant, about acquiring an existing franchise in South Jordan and/ or Ogden, Utah. (*Id.* at ¶ 7.) In July 2014, Plaintiffs submitted their completed franchise application

to Defendant. (*Id.* at ¶ 8.) After Plaintiffs obtained disclosures and approval to become franchisees, Plaintiffs signed two separate documents on August 25, 2014: (1) a Franchise Agreement and (2) a Development Agreement.[1] (*Id.* at ¶ 10.)

The Franchise Agreement signed by Plaintiffs listed the "Assigned Area" as "Ogden, Utah" and specifically provided that the agreement applied only to that area, absent prior written consent from Defendant. (Dkt. No. 23-5 at 2.) This Ogden Franchise Agreement included an agreement of the parties to submit to binding arbitration "all disputes, controversies, claims, causes of action and/or alleged breaches or failures to perform arising out of or relating to this Agreement (and attachments) or the relationship created by this Agreement" if those disputes had not already been successfully resolved in non-binding mediation. (*Id.* at 46.)

In August, 2014, Mr. Thomas provided Plaintiffs with financial information related to the operation of Defendant's South Jordan, Utah and Ogden, Utah franchises. (Compl. at ¶ 12.) On September 8, 2014, Plaintiffs entered into an Asset Purchase Agreement with the franchisees of the South Jordan franchise to purchase the assets of that franchise. (*Id.* at ¶ 17.) In the Asset Purchase Agreement, Plaintiffs agreed that they would "be solely responsible for obtaining franchise approval from Dickey's Barbecue Pit franchise and for meeting all continuing obligations of the same." (Dkt. No. 18-2.)

Prior to the Asset Purchase Agreement, the previous owners of the South Jordan franchise had operated pursuant to a Franchise Agreement ("South Jordan Franchise Agreement"), dated September 9, 2011. (Dkt. No. 18-1.) In that Agreement, the previous owners

---

[1] The Development Agreement lists "Market One" as "South Jordan, Utah" and "Market Two" as "Ogden, Utah." The Development Agreement also contains an arbitration provision. Neither party has argued that the arbitration provision in the Development Agreement would apply to Plaintiffs' claims here.

2

of the South Jordan location agreed to submit "all disputes, controversies, claims, causes of action and/or alleged breaches or failures to perform" related to the agreement to binding arbitration. (*Id.* at 44.)

Plaintiffs began operating the South Jordan franchise in September 2014. (Compl. at ¶18.) The South Jordan location operated as a Dickey's franchise, and Plaintiffs paid royalty fees to Defendant. (*Id*. at ¶ 13.) Plaintiffs closed the location on November 18, 2016, because it failed to successfully operate at a profit. (*Id.* at ¶ 21.)

Plaintiffs now claim that Defendants violated the Utah Business Opportunity Disclosure Act, misrepresented material facts to them regarding the South Jordan location, and breached an agreement between the parties. (*See id.*) Defendants move to compel arbitration, pursuant to the arbitration provision in the South Jordan Franchise Agreement. (Dkt. No. 18.) Plaintiffs argue that no agreement to arbitrate applies to their claims.[2]

## Discussion

"A court must initially evaluate whether an individual is bound by a contractual duty to arbitrate before compelling arbitration." *ARW Expl. Corp. v. Aguirre*, 45 F.3d 1455, 1460 (10th Cir. 1995). "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to submit." *AT & T Technologies, Inc. v. Communications Workers of Am.,* 475 U.S. 643, 648 (1986) (quoting *Steelworkers v. Warrior & Gulf Nav. Co.,* 363 U.S. 574, 582 (1960)). Arbitration agreements are subject to "the well-

---

[2] In their Opposition, Plaintiffs originally argued that the arbitration provision in the Ogden Franchise Agreement would apply, but that the provision was not sufficiently broad to encompass Plaintiffs' claims, particularly with respect to rescission. In its Reply, Defendant argued that the Ogden Franchise Agreement would not apply, because it contemplated application only to an Ogden location. At oral argument, Plaintiffs agreed with Defendant's argument that the Ogden Franchise Agreement would not apply, and argued that no arbitration provision applies to Plaintiffs' claims.

accepted rule that ambiguities in contracts are construed against the drafter." *Dumais v. Am. Golf Corp.*, 299 F.3d 1216, 1219 (10th Cir. 2002). And although there is a "strong federal policy favoring arbitration," *McWilliams v. Logicon, Inc.,* 143 F.3d 573, 576 (10th Cir.1998), "this presumption disappears when the parties dispute the existence of a valid arbitration agreement." *Dumais*, 299 F.3d at 1220 (citing *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 944-45 (1995); *Riley Mfg. Co., Inc. v. Anchor Glass Container Corp.,* 157 F.3d 775, 779 (10th Cir.1998)).

Here, the court has been presented with two possibly applicable agreements to arbitrate. First, Defendants have argued that the South Jordan Agreement requires arbitration of Plaintiff's claims. The South Jordan Agreement was signed by the previous owners of the South Jordan Dickey's location. (Dkt. No. 18-1.) In the Asset Purchase Agreement Plaintiffs entered into with the previous owners, Plaintiffs agreed that they were responsible for "obtaining franchise approval from Dickey's Barbecue Pit franchise and for meeting all continuing obligations of the same." Nowhere in the Asset Purchase Agreement or any of the documents submitted to the court do the Plaintiffs agree to assume the agreements and obligations contained in the South Jordan Agreement. Thus, the court has no basis to find that the South Jordan Agreement applies to compel arbitration here, where the court has not been presented with evidence that Plaintiffs agreed to the terms of the South Jordan Agreement or its arbitration provision.

The parties have also presented the Ogden Agreement as a possible source of a requirement to arbitrate. The Ogden Agreement expressly applies only to an Ogden, Utah franchise location that apparently never came to fruition. The Ogden Agreement does not reference a South Jordan location. In fact, the Agreement is specifically limited to the "Assigned

Area", which is "Ogden, Utah." (Dkt. No. 23-5.) Plaintiffs' claims all arise out of the operation of a South Jordan franchise. Accordingly, the Ogden Agreement is inapplicable to Plaintiffs' claims.

Defendant points out that Plaintiffs paid royalties consistent with a franchise agreement for the years it operated as a Dickey's franchise, and that Plaintiffs used Dickey's logo, name, and marketing materials in connection with the operation of the South Jordan franchise. Plaintiffs also admit in their Complaint that they "entered into a Franchise Agreement and a Development Agreement with Dickey's on August 25, 2014." (Compl. at ¶ 10.) Although the existence of some type of franchise agreement does not appear to be in dispute, the court has not been presented with any agreement that requires arbitration of Plaintiffs' claims.

## Conclusion

Defendant has failed to carry its burden of demonstrating that Plaintiffs agreed to arbitrate the claims presented in this lawsuit. Accordingly, Defendant's Motion to Compel Arbitration is hereby DENIED.

DATED this 26th day of March, 2018.

BY THE COURT:

Dee Benson
United States District Judge