IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CAMPBELL INVESTMENTS, LLC, a Utah limited liability company; KEVIN CAMPBELL, an individual; and KODY CAMPBELL, an individual,<br><br>      Plaintiffs,<br>v.<br><br>DICKEY'S BARBECUE RESTAURANTS, INC., a Texas corporation,<br><br>      Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No: 2:17-cv-00832-DB-CMR<br><br>District Judge Dee Benson<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is Defendant's Motion to Transfer Venue or, in the Alternative, for Partial Dismissal and to Strike Plaintiffs' Jury Demand. (Dkt. No. 56.) The motion has been fully briefed by the parties, and the court has considered the facts and arguments set forth in those filings. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

FACTUAL BACKGROUND

In the spring of 2014, Plaintiffs began to explore the possibility of acquiring a Dickey's Barbecue Restaurant franchise. (Dkt. No. 38, ¶ 4.) Plaintiffs submitted a formal franchise application to Defendant in July 2014. (*Id.* ¶ 8.) Upon approval of this application, Plaintiffs signed two documents on August 25, 2014: (a) a Franchise Agreement pertaining to the Ogden, Utah area, and (2) a Development Agreement, which granted rights to Plaintiffs to develop Dickey's restaurants in both Ogden, Utah and South Jordan, Utah. (*Id.* ¶ 10.) Among other things, the Development Agreement provides that:

> [A]ny controversies, disputes, or claims between the parties to this agreement, including those that arise out of or are related to this agreement or the relationship created by this agreement … shall be resolved by litigation brought, maintained and concluded exclusively in the district courts of Collin County, Texas, or the United States District Court for the Eastern District of Texas, Sherman Division.

(Dkt. No. 56, Ex. A at 22.) In addition, the Development Agreement provides that the parties "irrevocably waive trial by jury in any action, proceeding or counterclaim, whether at law or in equity, brought by either of them against the other." (*Id.*) The Development Agreement also clearly states that it "is not a franchise agreement and does not grant … any right or franchise to operate a Restaurant or any right to use or any interest in the Proprietary Marks or the System." (*Id.* at 3.)

Plaintiffs never acquired or opened a franchise in Ogden, Utah. (Dkt. No. 38, ¶ 12.) Instead, Plaintiffs purchased and began operating an already-existing franchise in South Jordan in September 2014. (*Id.* ¶¶ 19, 21.) After the South Jordan franchise failed to successfully operate at a profit, Plaintiffs closed the restaurant on November 18, 2016. (*Id.* ¶ 24.)

## PROCEDURAL BACKGROUND

Plaintiffs filed a lawsuit against Defendant in Utah state court on June 9, 2017. Plaintiffs allege the following causes of action against Defendant: violation of the Utah Business Opportunity Disclosure Act ("Count One"); fraudulent misrepresentation ("Count Two"); negligent misrepresentation ("Count Three"); breach of agreement/promissory estoppel ("Count Four"); breach of fiduciary duty ("Count Five"); and unjust enrichment ("Count Six"). (Dkt. No. 38.)

After the case was removed to federal court in July 2017, Defendant engaged in a lengthy series of attempts to avoid having this matter proceed forward in this court. Defendant first filed a motion to compel arbitration, arguing that Plaintiffs were required to arbitrate their claims

pursuant to an alleged franchise agreement. (Dkt. No. 18.) After hearing oral argument, this court denied that motion, finding that Defendant had failed to demonstrate that Plaintiffs had ever signed a written franchise agreement regarding the South Jordan Restaurant, and therefore there was no basis for Defendant's argument that Plaintiffs agreed to arbitrate any claims related to their operation of the South Jordan franchise. (Dkt. No. 35.) Defendant appealed this court's decision to the Tenth Circuit Court of Appeals. (Dkt. No. 39.) In this appeal, Defendant argued, for the first time, that in addition to the alleged franchise agreement, the Development Agreement also required Plaintiffs to arbitrate their claims.

While this appeal was pending, Defendant filed a Demand for Arbitration with the American Arbitration Association (AAA). In response, the AAA made plans to proceed with arbitration. The Campbells opposed this effort by filing a lawsuit against the AAA in Utah state court. During this litigation, the AAA conceded to cease any arbitration either until both parties consented to arbitrate or until a court entered an order compelling arbitration. The Campbells and the AAA then stipulated to the dismissal of the state lawsuit.

Undeterred, Defendant next filed a Petition to Compel Arbitration in the Eastern District of Texas, making the argument that both the alleged franchise agreement and the Development Agreement required arbitration of Plaintiffs' claims. *See Dickey's Barbecue Rests., Inc. v. Campbell Invs., LLC,* No. 418CV00491ALMKPJ, 2019 WL 1219118 (E.D. Tex. Mar. 15, 2019). The district court in Texas granted the motion to compel arbitration for claims related to the Development Agreement, but denied the motion for claims arising from the operation of the South Jordan franchise. *Id.* at *3 ("Only the Development Agreement is at issue in this case; hence, the Court refers only those disputes arising under the Development Agreement to arbitration. … Any claims arising out of the parties' franchise agreements or the Utah litigation

are beyond the scope of the litigation in this Court."). Defendant then attempted to proceed with arbitration in Texas.

While this Texas effort was underway, the Tenth Circuit affirmed this court's decision to deny Defendant's motion to compel arbitration. *See Campbell Invs., LLC v. Dickey's Barbecue Rests., Inc.*, 784 F. App'x 627 (10th Cir. 2019). Concerning Defendant's new claim that the Development Agreement requires arbitration, the Tenth Circuit recognized that Dickey's had waived this argument by raising it "for the first time on appeal" and that, regardless, the Development Agreement does not cover "the *operation* of the South Jordan Restaurant" and therefore cannot serve "as the basis for compelling arbitration in this dispute." *Id.* at 632–33. In light of the Tenth Circuit's ruling, the arbitrator in Texas stayed the arbitration. Defendant petitioned for rehearing of the Tenth Circuit's ruling, which was denied.

Defendant now moves for this court to transfer venue to the Eastern District of Texas, Sherman Division pursuant to the forum-selection clause in the Development Agreement. In the alternative, Defendant moves to dismiss Counts Two through Six of Plaintiffs' Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and to strike Plaintiffs' jury demand pursuant to the jury trial waiver clause in the Development Agreement and Rule 39(a)(2) of the Federal Rules of Civil Procedure.

For the reasons given below, the court denies Defendant's motion in its entirety.

## DISCUSSION

### *Motion to Transfer Venue:*

The court first addresses Defendant's motion to transfer venue to the Eastern District of Texas under the terms of the Development Agreement. In the face of a valid forum-selection clause, courts should "enforce the forum clause … unless [the resisting party] c[an] clearly show

that enforcement would be unreasonable and unjust." *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 15 (1972); *see also Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992) (holding that forum-selection clauses "should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances"). In addition, "[a] contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." *M/S Bremen,* 407 U.S. at 15.

Here, the Development Agreement contains a mandatory forum-selection clause. (*See* Dkt. No. 56, Ex. A at 22.) However, the court finds that enforcement of the forum-selection clause would be unjust and unreasonable for the following reasons: (1) the subject claims are not encompassed by the Development Agreement; (2) Defendant has waived its right to enforce the provisions of the Development Agreement; and (3) because enforcement would contravene public policy considerations.

Affirming this court's earlier decision not to compel arbitration in this case, the Tenth Circuit held that the arbitration provision in the Development Agreement was unenforceable because Defendant had failed to bring that issue before the district court, and therefore had "waived any reliance on the arbitration provision contained within the Development Agreement." *Campbell Invs., LLC,* 784 F. App'x at 633. Furthermore, the Tenth Circuit held that it would reject Defendant's claim under the Development Agreement—even if the claim had not been waived—because "this case arises from the *operation* of the South Jordan Restaurant," rather than the *development* of the restaurant. *Id.* Consistent with the Tenth Circuit's reasoning, this court finds the forum-selection clause is unenforceable. Defendant has waived its right to enforce the provisions of the Development Agreement in this particular matter. Even without

such waiver, this case arises specifically from the *operation* of the South Jordan Restaurant. The Development Agreement expressly delineates its boundaries by stating that "[t]his Agreement is *not* a franchise agreement and does *not* grant … any right or franchise to *operate* a Restaurant." (Dkt. No. 56, Ex. A at 3) (emphases added). This plain language clearly provides that the Development Agreement does not govern any relationship between the parties concerning the operation of the South Jordan Franchise. Accordingly, the forum-selection clause in the Development Agreement is inapplicable to the subject claims in this action.

Defendant contends that the claims are in fact encompassed by the Development Agreement because the language of the forum-selection clause is not limited to claims arising out of the Development Agreement. (*See* Dkt. No. 68 at 3.) However, the court finds that Defendant's interpretation of the clause as covering any and all possible related and unrelated litigation between the parties indefinitely is too broad and unreasonable to be enforced under the circumstances of the instant case.

Moreover, even if the claims were encompassed by the Development Agreement and Defendant had not waived its right to enforce the Agreement, the forum-selection clause is against Utah public policy. Specifically, enforcement in this case conflicts with the Utah Business Opportunity Disclosure Act. *See* Utah Code Ann. § 13-15-1 *et seq.* Among other things, this Act requires that a seller provide any prospective purchaser with certain information and disclosures prior to entering into any binding agreement with the purchaser. *Id.* The Act provides that "[a]ny purchaser of a business opportunity from a seller who does not comply" with the requirements of the Act is entitled to rescission of the contract, to an award of reasonable attorney's fees and costs, and to the amount of actual damages. Utah Code Ann. § 13-15-6(2).

In their Amended Complaint, Plaintiffs allege that Defendant violated the Act by failing to file either (a) the required information and disclosures or (b) a Notice of Exemption prior to executing the Ogden Franchise Agreement and the Development Agreement. (Dkt. No. 38, ¶¶ 28–34.) Due to this alleged violation of the Act, Plaintiffs are seeking *inter alia* to rescind the Development Agreement. (*Id.* ¶ 34.) Enforcing the forum-selection clause and transferring this matter to a foreign state or applying Texas law would effectively deprive Plaintiffs, as residents of Utah, of their rights and protections under Utah law. Accordingly, the forum-selection clause in the Development Agreement is unenforceable as against public policy.

### *Motion to Dismiss Counts Two Through Six for Failure to State a Claim:*

Defendant also moves for this court to dismiss Counts Two through Six of Plaintiffs' Amended Complaint for failure to state a claim. Under Rule 12(b)(6), the court must accept all well-pleaded allegations in the Amended Complaint as true and view those allegations in the light most favorable to the nonmoving party. *Stidham v. Peace Officer Standards Training*, 265 F.3d 1144, 1149 (10th Cir. 2001) (quoting *Sutton v. Utah Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, constitutes facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Having reviewed the Amended Complaint, the court finds that Plaintiffs have pled sufficient factual matter to survive Defendant's motion to dismiss.

In Counts Two and Three, Plaintiffs allege fraudulent and negligent misrepresentation. (Dkt. No. 38, ¶¶ 35–49.) Because these claims sound in fraud, they are subject to a heightened

pleading standard requiring Plaintiffs to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *see also Heaton v. Am. Brokers Conduit,* 496 F. App'x 873, 876 (10th Cir. 2012). Plaintiffs allege that an agent for Defendant provided them with false or misleading financial and marketing information. Plaintiffs also allege that Defendant failed to disclose that it had not complied with Utah law or that there was no written franchise agreement between the parties. Accepting these facts as true, the court finds that Plaintiffs have satisfied the Rule 9(b) pleading standard for Counts Two and Three.

In Counts Four and Five, Plaintiffs allege breach of contract/promissory estoppel and breach of fiduciary duty by Defendant. (Dkt. No. 38, ¶¶ 50–63.) Plaintiffs have sufficiently pled facts to support the existence of both a fiduciary relationship and an agreement between the parties concerning the operation of the South Jordan Restaurant. While the Development Agreement provides that it does not create a fiduciary relationship between the parties, the Development Agreement does not apply to the subject matter of this particular case, and Defendant has waived its right to enforce the provisions of the Development Agreement, as discussed above.

Plaintiffs also allege unjust enrichment in Count Six. (Dkt. No. 38, ¶¶ 64–66.) A claim of unjust enrichment is not permitted where another legal remedy is available, such as breach of an express contract. *See AGTC Inc. v. CoBon Energy LLC*, 447 P.3d 123, 129–30 (Utah Ct. App. 2019). Defendant argues that no party disputes the existence of an agreement between them, thereby rendering any claim for unjust enrichment unavailable. However, "[b]ecause a claim should be dismissed only if 'it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim,' a district court should not dismiss alternative equitable claims if the existence or applicability of a contract

remain in dispute." *Northgate Vill. Dev., LC v. Orem City*, 325 P.3d 123, 133 (Utah Ct. App. 2014) (quoting *Mack v. Utah State Dep't of Commerce, Div. of Sec.*, 221 P.3d 194, 200 (Utah 2009)). Here, "[t]he fact that the parties acknowledged and agreed that a contract existed between them does not necessarily lead to the conclusion that it was an enforceable contract that effectively governed their rights and obligations with respect to the subject matter of the case." *AGTC Inc.*, 447 P.3d at 130.

Based on the allegations and factual support in Plaintiffs' Amended Complaint, it would be inappropriate to dismiss Counts Two through Six at this early stage of the proceedings.

### *Motion to Strike Jury Demand:*

The court next addresses whether Plaintiffs' demand for a jury trial should be stricken pursuant to the jury trial waiver in the Development Clause. As discussed above, Defendant has waived its right to enforce the provisions of the Development Agreement in this matter, and the Development Agreement does not encompass the subject claims because this case arises specifically from the operation—not the development—of the South Jordan Restaurant.

Defendant argues that the language of the jury waiver provision contains no subject matter limitation. (Dkt. No. 68 at 9.) However, Defendant's interpretation of this clause as Plaintiffs indefinitely waiving their right to a jury trial for any and all possible related and unrelated litigation between the parties is too broad and would be unreasonable under the circumstances. Particularly concerning is the fact that Defendant possessed an advantage in both bargaining power and level of sophistication over Plaintiffs in the execution of the Development Agreement. *See Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835, 837 (10th Cir. 1988) (indicating that "a gross disparity in bargaining power" may "invalidate jury waiver provisions"). Moreover, the jury trial waiver is a boilerplate provision buried at the end of a lengthy contract.

Because "the right of jury trial is fundamental, courts indulge every reasonable presumption against waiver." *Aetna Ins. Co. v. Kennedy to Use of Bogash*, 301 U.S. 389, 393 (1937). Pursuant to Rule 39(a)(2), the court does not find that Plaintiffs have no right to a jury trial under the circumstances of this case. Fed. R. Civ. P. 39(a)(2).

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Transfer Venue or, in the Alternative, for Partial Dismissal and to Strike Plaintiffs' Jury Demand (Dkt. No. 56) is hereby DENIED.

DATED this 26th day of February, 2020.

BY THE COURT:

_____
Dee Benson
United States District Judge