IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CAMPBELL INVESTMENTS, LLC, a Utah limited liability company; KEVIN CAMPBELL, an individual; and KODY CAMPBELL, an individual,<br><br>Plaintiffs,<br>v.<br><br>DICKEY'S BARBECUE RESTAURANTS, INC., a Texas corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No: 2:17-cv-00832-DB-CMR<br><br>District Judge Dee Benson<br><br>Magistrate Judge Cecilia M. Romero |

Before the court are Plaintiffs' Motion for Partial Summary Judgment (Dkt. No. 80) and Defendant's Cross Motion for Partial Summary Judgment. (Dkt. No. 86.) The motions have been fully briefed by the parties, and the court has considered the facts and arguments set forth in those filings. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.

FACTUAL AND PROCEDURAL BACKGROUND

In 2014, Plaintiffs became interested in acquiring a Dickey's Barbecue Restaurant franchise and submitted a formal franchise application to Defendant. (Dkt. No. 38 ¶ 8.) After being approved as franchisees in August 2014, Plaintiffs executed two agreements with Dickey's: (1) a Franchise Agreement pertaining to the Ogden, Utah area, and (2) a Development Agreement, which granted rights to Plaintiffs to develop Dickey's restaurants in both Ogden, Utah and South Jordan, Utah. (*Id.* ¶ 10.)

Plaintiffs did not acquire or open a restaurant in Ogden, Utah. Instead, Plaintiffs purchased and began operating an already-existing Dickey's franchise in South Jordan. The acquisition was effective on September 8, 2014, when Plaintiffs executed an Asset Purchase Agreement for the South Jordan restaurant. (*Id.* ¶ 19.) Plaintiffs operated this restaurant for over two years. After the South Jordan franchise failed to successfully operate at a profit, Plaintiffs closed the restaurant on November 18, 2016.

In their Complaint, Plaintiffs allege the following causes of action against Defendant: violation of Utah's Business Opportunity Disclosure Act (BODA) ("Count One"); fraudulent misrepresentation ("Count Two"); negligent misrepresentation ("Count Three"); breach of agreement/promissory estoppel ("Count Four"); breach of fiduciary duty ("Count Five"); and unjust enrichment ("Count Six"). (Dkt. No. 38.)

Plaintiffs and Defendant now both move for summary judgment on Count One. For the reasons given below, the court grants summary judgment on Count One in favor of Defendant.

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure permit the entry of summary judgment in matters where "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of showing that there is no genuine issue of material fact, and the court must "construe all facts, and reasonable inferences therefrom, in favor of the non-moving party." *WKB Enters., Inc. V. Ruan Leasing Co.*, 838 F. Supp. 529, 532 (D. Utah 1993).

"For purposes of summary judgment, … the court examines the evidence to determine if a reasonable jury could return a verdict in favor of the nonmoving party. If it can, summary judgment should be denied." *Id*. However, "the mere existence of *some* alleged factual dispute

between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48 (1986) (emphasis in original).

## DISCUSSION

Under Utah law, a business is subject to BODA if it offers or sells a "business opportunity." *See* Utah Code Ann. § 13-15-1 *et seq.* A "business opportunity" is defined by BODA as "an assisted marketing plan subject to this chapter." Utah Code Ann. § 13-15-2(2). However, BODA explicitly excludes "the sale of a package franchise" from its definition of an assisted marketing plan. Utah Code Ann. § 13-15-2(1)(b)(iii).

Under the facts of this case, there is no legitimate dispute that the South Jordan Dickey's restaurant was a package franchise.[1] As the seller of a package franchise, Defendant was not subject to any BODA provisions governing the sale of a "business opportunity."

Plaintiffs argue at length that they are entitled to rescind any agreements that they made with Defendant because Defendant violated Section 13-14-4.5, which requires a seller of a package franchise to file an exemption notice with the Division of Consumer Protection of the

---

[1] Plaintiffs argue that Defendant bears the burden of establishing that the South Jordan Dickey's restaurant was a package franchise. This appears to be a non-issue. Under the Federal Trade Commission's Franchise Rule, a franchise relationship is established by three elements: (1) "The franchisee will obtain the right to operate a business that is identified or associated with the franchisor's trademark, or to offer, sell, or distribute goods, services, or commodities that are identified or associated with the franchisor's trademark;" (2) "The franchisor will exert or has authority to exert a significant degree of control over the franchisee's method of operation, or provide significant assistance in the franchisee's method of operation;" and (3) "As a condition of obtaining or commencing operation of the franchise, the franchisee makes a required payment or commits to make a required payment to the franchisor or its affiliate." 16 C.F.R. § 436.1(h). Based on the undisputed facts in the Record, there is no genuine issue of material fact that the South Jordan Dickey's restaurant clearly satisfies all three elements of a package franchise.

Department of Commerce ("the Division") before commencing business in Utah. [2] *See* Utah Code Ann. § 13-15-4.5. This argument is unpersuasive. Under Section § 13-15-6 of BODA, "[a]ny *purchaser of a business opportunity* from a seller who does not comply with this chapter is entitled … to rescission of the contract, to an award of a reasonable attorney's fee and costs of court in an action to enforce the right of rescission, and to the amount of actual damages or $2,000, whichever is greater." Utah Code Ann. § 13-15-6(2) (emphasis added). As established above, however, Plaintiffs were not "purchasers of a business opportunity." Rather, they purchased a package franchise. The fact that Defendant may or may not have failed to file a timely notice of exemption is immaterial. Under its plain language, BODA does not provide purchasers of a package franchise with the remedy of rescission.

Accordingly, Plaintiffs are not entitled to the relief sought under Section 13-15-6 of BODA, and Count One must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's Partial Motion for Summary Judgment (Dkt. No. 86) is hereby GRANTED, and Count One of Plaintiff's Complaint is DISMISSED with prejudice. Plaintiffs' Partial Motion for Summary Judgment (Dkt. No. 80) is denied.

DATED this 17th day of September, 2020.

BY THE COURT:

_____
Dee Benson
United States District Judge

---

[2] BODA directs sellers of a package franchise to file a notice of exemption prior to offering for sale or selling a franchise in Utah or to a Utah resident. Utah Code Ann. § 13-15-4.5. Dickey's filed its exemption notice with the Division on September 3, 2014, after it had already approved Plaintiffs as franchisees and entered into agreements with Plaintiffs in August 2014. (Dkt. No. 80, Ex. A.) However, the timing of Defendant's exemption filing has no impact on the fact that Plaintiffs simply did not purchase a "business opportunity" from Defendant.